IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50282
Summary Calendar
_____


ARTHUR B. CHAUSMER, M.D., Ph.D.,

                                          Plaintiff-Appellee,

                         versus

TEXAS TECH UNIVERSITY HEALTH
SCIENCE CENTER, ET AL.,

                                          Defendants,

PAT CAMPBELL, Individually and in His
Official Capacity,

                                          Defendant-Appellant.
_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. MO-96-CV-132
_____
December 4, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Pat Campbell, in his individual capacity, appeals the denial

of his summary judgment motion.

     To the extent that the denial of summary judgment, based on a

defendant's assertion of qualified immunity, turns on an issue of

law, we have jurisdiction despite the absence of a final judgment.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 548 (5th Cir. 1997). Campbell argues that Chausmer does not have a constitutionally cognizable property or liberty interest in the settlement agreement; Chausmer's due process contentions merely present a breach of contract claim; even if Chausmer had a constitutionally viable interest, the constitutional right allegedly violated was not clearly established; and Campbell's actions were objectively reasonable. We have carefully reviewed the arguments and the appellate record. We conclude that Chausmer failed to allege the violation of a cognizable interest under the Due Process Clause, let alone alleging the violation of clearly established constitutional law. See Vander Zee v. Reno, 73 F.3d 1365, 1368-71 (5th Cir. 1996). Thus, the district court erred in denying Campbell judgment on the federal law claims in the light of Campbell being qualifiedly immune.

Campbell also argues that the district court erred in denying summary judgment on the state law claim of fraud in the light of his defense of official immunity. Although asserted in his answer, Campbell did not raise the defense of official immunity in his motion for summary judgment, and the district court's order denying summary judgment did not refer to it. Therefore, we lack jurisdiction to consider Campbell's argument. See Cantu v. Rocha, 77 F.3d 795, 804 (5th Cir. 1996).

For the foregoing reasons, we REVERSE the district court's order to the extent that summary judgment was denied to Campbell, in his individual capacity, on the federal law claims.  We REMAND the case for further proceedings consistent with this opinion.

REVERSED and REMANDED.